ROBERT L. BLAND, Judge,

dissenting.

The claim involved in this case is in the sum of $164.63. It is concurred in by the state road commission and submitted to the court of claims under section 17 of the court act. An award for the full amount sought has been made by a majority of the court. I cannot concur in such award.
It will be observed that an insurance company is interested in the claim. As a matter of fact it is a subrogation claim. It is prosecuted in the name of Kenneth G. Smith, for the benefit of the insurance company.
The claim, for which the award is made, has been informally considered upon the limited showing made by respondent’s record. No other or independent investigation has been made as to the merits of the claim. The court has merely placed its “rubber stamp” upon the above mentioned concurrence and approval. The record does not satisfy me that the claim is one which a sovereign commonwealth should discharge and pay. I do not look with favor upon claims by way of subrogation against the state. Where does a moral obligation exist to pay such a claim? The only way that the Legislature may make a valid appropriation of the public revenues in satisfaction of such claim is upon the theory of a state’s moral obligation to do so, and after it has ascertained and declared the existence of such moral obligation. The doctrine of subrogation is the creature of equity. It was unknown to the common law. The rule of subrogation might be invoked in a proceeding between private persons, when it could not properly be invoked against the state.
The Legislative interim committee which worked out the court scheme in its report to the Legislature that enacted the court act stressed the fact that the “shortened procedure” of the court act *25 should only be used in cases involving no issues and where it is plainly manifest that the claim should be paid. Is it plainly manifest that the claim in question should be paid? The fact that a claim is referred to the court of claims under section 17 of the court act does not make it obligatory to make an award.
After approximately ten years on the court of claims I do not hesitate to express the opinion that the shortened procedure provision of the court act should be repealed. It is not sound or practical in its operation.
At the present term of the court of claims we have had sixteen shortened procedure cases and three cases under the rgular procedure. If laymen of the road commission may make investigations and determine for what claims awards should be made I do not see any reason for three members of the court — however honest, conscientious and upright they may be — to exercise no duty other than to use a “rubber stamp” by way of approval.
I hold my colleagues in the higest esteem but I cannot be too outspoken in my condemnation of the “shortened procedure” of the court act.
I most earnestly and respectfully note this my dissent to the award made in the instant case.